JOURNAL ENTRY AND OPINION
Defendant-appellant, Ernest Williams, appeals the sentencing by the trial court and claims that the trial court's imposition of a maximum consecutive term of incarceration is excessive and contrary to law under the sentencing guidelines. For the following reasons, we reject his contention and affirm.
On November 9, 2000, the Cuyahoga County Grand Jury indicted defendant in Case No. CR-398551 on three counts: one count of burglary, in violation of R.C. 2911.12; one count of disrupting public service, in violation of R.C. 2909.04; and one count of vandalism, in violation of R.C. 2909.05.
On November 13, 2000, the Cuyahoga County Grand Jury indicted defendant in Case No. CR-398423 on two counts: one count of burglary with a "notice of prior conviction", in violation of R.C. 2929.13(F)(6) and "repeat violent offender specification," in violation of R.C. 2929.01; and one count of vandalism, in violation of R.C. 2909.05.
On March 5, 2001, defendant entered pleas of guilty in Case No. 398551 to burglary and vandalism. The disrupting public service charge was dismissed. Defendant also entered pleas of guilty in Case No. CR-398423 to burglary with a deletion of the "repeat violent offender specification" and to vandalism.
The sentencing hearing took place on March 30, 2001. At the sentencing hearing, the victim, defendant's ex-wife Felicia Lowery, testified. She testified that defendant had been violent for years and that she feared for her life and the lives of her children. She told the court that she believed that defendant broke into her house on August 20, 2000 (the subject of one of his guilty pleas) for the sole purpose of killing her and the children. The trial court then sentenced defendant as follows: In Case No. CR-398551, the trial court sentenced defendant to a maximum sentence of eight years on the burglary count to run concurrent with a maximum sentence of one year on the vandalism count. In Case No. CR-398423, the trial court sentenced defendant to four years on the burglary count to run concurrent with a one-year sentence on the vandalism count. The sentences in each case were ordered to be served consecutively to each other. The total sentence in both cases was twelve years.
Defendant appeals the trial court's sentencing and asserts the following assignment of error:
 I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A MAXIMUM CONSECUTIVE TERM OF INCARCERATION.
Defendant argues that the imposition of consecutive maximum sentences was disproportionate to the seriousness of his crime. Defendant also argues that the trial court considered and relied on non-statutory, prejudicial factors in imposing the maximum sentence. The State maintains that the trial court properly sentenced the defendant within the statutory guidelines. We agree.
R.C. 2929.14(C) provides that a court may impose maximum sentences only upon: (1) the offenders who have committed the worst form of the offense; (2) the offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders.
R.C. 2929.14(E)(4) states that a court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C. 2929.14(E)(4) provides in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In relation to these sections, R.C. 2929.19(B)(2)(e) requires that the trial court state its "reasons" for imposing consecutive sentences and for imposing maximum sentences for offenses arising out of a single incident. State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606, unreported; State v. Parker (Dec. 9, 1999), Cuyahoga App. Nos. 75117, 75118, unreported; State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported. The record must confirm that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Cardona, supra; Nichols, supra, citingState v. Edmonson (1999), 86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, unreported.
Here, at the sentencing hearing, the trial court noted defendant's extensive criminal history and then stated the following in pertinent part:
 I can't come to any other conclusion but that frankly this is the worse form of burglary. And that more particular that you are a person who has the greatest likelihood of committing not only future crimes but future serious crimes.
* * *
 Looking at this criminal history, which is one of the worst histories of violence I've ever seen, I want to be very straight with you. Its one of the worst histories of violence I've ever seen * * *. I think its clear that you are a repeat violent offender.
* * *
 As I look at the criminal record that you have here, I think that nothing except consecutive sentences here can adequately protect the public, and I think that they are commensurate with the seriousness of what you've done here.
 You have terrorized four people and one of them I think would have been killed if the police hadn't come. If not killed, certainly you would have struck her with that knife. I don't have any question in my mind. And if I were her, I would never feel safe with you in the community.
* * *
 I'm satisfied that 12 years is necessary to protect the public from future crime. It's necessary to signify the seriousness of what he has done, particularly taking into account his prior conduct in other cases. His being under * * * three different Probation Orders for domestic violence during this period.
In addition, on April 12, 2001, the trial court issued a written order in which he made the following factual findings:
 The Court finds that defendant has previously served a prison term for a violent offense in which the injury was caused to a person that would make him a repeat violent offender if the repeat violent offender charge had not been dismissed in the plea bargain. Great mental injury has been suffered as a result of these offenses by three children in the family, and especially defendant's eight-year-old daughter, which was exacerbated by the age of the child. Defendant's ex-wife suffered severe psychological and economic harm as a result of the combined offenses. The offender committed these offenses while on probation for Domestic Violence and subject to a temporary protective order designed to prevent harm to defendant's wife or her property. The defendant's prior criminal record of Felonious Assault in burning the hand of a twelve year old as a form of discipline, of Carrying a Concealed Weapon, and three convictions for Domestic Violence demonstrates that consecutive sentences are necessary to protect the public from future harm. The harm caused in the present cases was so great that no single prison term for any of the offenses adequately reflects the seriousness of offender's conduct, which involved a continuous course of violence and threats over a period of four months. In one case, defendant entered his ex-wife's home by stealth with the intention of causing serious physical harm to her with a knife or intimidating her under circumstances that could have resulted in great physical harm. He shows no remorse for any of his conduct and he has expressed intentions to retaliate against his ex-wife if imprisoned for only five years.
 The Court finds that a maximum prison sentence of eight years for the second degree burglaries would not adequately protect the public from future crime by the defendant, that twelve years is necessary to protect the public and punish the defendant, and that twelve years is not disproportionate to the seriousness of the offender's conduct or his danger to the public.
 This victim and her children will justifiably live in fear of this defendant until they reach maturity, because he has a 17 year history of retaliatory violence which has not abated, even though he is now 38 years old. Only the aging process gives any reasonable possibility of suppressing his violent tendencies since he, even now, gives no indication that he recognizes the wrongfulness of his using or threatening to use serious violence to redress a grievance and shows no remorse for his misconduct in these cases. Violence has apparently been a long-time component of his life, not only in his own conduct but also because his own father was murdered in 1980 and his half-brother is currently in prison for murder. Only incapacitation until he is beyond the age of likely violence gives any reasonable prospect of protecting this family from likely catastrophic harm.
The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(C) when imposing maximum sentences.[1]
Indeed, defendant concedes that the trial court did consider all of the statutorily required sentencing considerations. (Aplt's Brf. pp. 11, 12). Instead, defendant argues that the assessment of those factors was unfairly influenced by non-statutory and prejudicial factors. Specifically, defendant argues that the trial court was unfairly influenced by its conclusion that the defendant burglarized the victim's house because he wanted to kill her, by its desire to keep defendant in prison until he was fifty years old, and by the fact that defendant's half-brother was in prison for murder and defendant's father had been murdered. We disagree.
The trial court's comments and written findings, when viewed in the context of the entire proceeding, demonstrate a legitimate basis for its decision to impose the maximum sentence. Defendant had an extensive criminal record preceding his convictions in this case. In addition, he displayed no remorse for his crimes. Although the trial court may have made some additional comments regarding the defendant's history that need not have been included in its judgment, considering the record in its entirety, we cannot find that the trial court's findings either tainted the fairness of the entire proceeding or demonstrated the trial court's prejudice against the defendant. See State v. Payton (Dec. 13, 2001), Cuyahoga App. No. 79302, unreported; State v. Mitchell (1997),117 Ohio App.3d 703. Accordingly, we find no merit in defendant's argument and this portion of his assignment of error is overruled.
Next, the record shows that the trial court complied with the dictates of R.C. 2929.14(E)(4) when imposing consecutive sentences. The trial court stated it imposed these sentences because his ex-wife and children suffered great mental and economic harm; the defendant's relationship with his ex-wife facilitated the offense; the defendant had a history of criminal convictions and he has not responded favorably to sanctions previously imposed; and he has no genuine remorse for his crimes. Accordingly, the record supports the trial court's finding that consecutive sentences were necessary to protect the public from future criminal conduct by the defendant and that the sentences were not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public.
Accordingly, defendant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The trial record clearly supports the trial court's finding that defendant poses the greatest likelihood of committing future crimes. The pre-sentence investigation revealed that in 1987 or 1988, defendant was sentenced to three years and nine months for felonious assault upon a twelve-year-old child and carrying a concealed weapon. Upon his release, defendant was convicted of domestic violence three separate times and placed upon probation. While under probation for the third domestic violence charge, the incidents giving rise to this case occurred.